Dear Mr. Williams:
You have requested an Attorney General Opinion in regards to the Dual Officeholding Laws, LSA-R.S. 42:61 et seq. Specifically, you ask this office if your position with the Lafayette City Council while concurrently working for the University of Southwestern Louisiana Alumni Association is legal under the above cited law and in light of Attorney General Opinion No. 93-625.
The specific statutory provision in question, LSA-R.S.42:63D, prohibits employment in the government of this state while holding elective office in a political subdivision. The purpose behind this law is to promote the citizenry's confidence in public officials and employees of this state. LSA-R.S. 42:61.
In Attorney General Opinion No. 93-625, this office stated that the Assistant Housing Director at Grambling State University may not concurrently hold elective office on Monroe's City Council. The opinion cited LSA-R.S. 42:63D which provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (emphasis added)
In Opinion No. 93-625, this office stated that the position of Assistant Housing Director was considered "employment in the government of this state", and membership on Monroe's City Council was an "elective office in a political subdivision of this state." Therefore, the Assistant Housing Director at Grambling could not legally hold elective office while employed by the University. The opinion explained that an exemption under LSA-R.S. 42:66B does exist, but because the position in question was not considered a "professional educational capacity", the exemption did not apply.
This writer has been informed that your employment is with the Alumni Association at Southwestern and that such Association is a non-profit entity run almost entirely thorough private support. Since you are employed by the University of Southwestern Alumni Association and not by the University itself, then your position would not be considered "employment in the government of this state." It is therefore the opinion of this writer that Attorney General Opinion No. 93-625 is inapplicable to your factual situation and you would not be prohibited from holding elected office on the Lafayette City Council.
Please contact our office if you have any further questions.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Gina M. Puleio Assistant Attorney General